IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FIELDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-0354-D |
| | § | |
| HCA HEALTHCARE, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, plaintiff Christopher Fields ("Fields"), who is Black, alleges claims for discrimination under the Patient Protection and Affordable Care Act, ("ACA"),42 U.S.C. § 18116, and 42 U.S.C. § 1981. Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss Fields's claims. For the reasons that follow, the court grants defendants' motion in part, denies it in part, and grants Fields leave to replead.[1]

I

Fields was injured in an automobile accident on February 10, 2022. John Inks ("Inks") and Trinity Line ("Line"), who are both White, were also injured in the accident. Fields, Inks, and Line were transported to, and arrived at, defendants' hospital around the

[1]Defendants filed on May 19, 2026 a motion to dismiss Fields's original complaint. Because the original complaint has been superseded by Fields's first amended original complaint, the court denies the motion to dismiss the original complaint as moot. *See, e.g.*, *Stredwick v. Dall. Margarita Soc'y, Inc.*, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) (Furgeson, J.) (collecting cases) ("The filing of an amended complaint generally renders pending motions moot.").

same time.

About one hour after Fields arrived, the hospital triaged him as a "low-acuity, semi-urgent patient." Am. Compl. (ECF No. 11) ¶ 17 (internal quotation marks omitted). Fields alleges that, after the hospital processed him, he was placed in a wheelchair in the waiting room, subjected to delayed pain management, given an incomplete diagnostic work-up, and nearly discharged with an undiagnosed fracture. According to Fields, his treatment at the hospital improved after his mother arrived and a nursing supervisor became involved.

Fields asserts that Inks and Line received superior care: that the hospital placed Inks and Line in treatment rooms, placed Line on a trauma protocol and provided her intravenous medications, and treated Inks and Line before it completed Fields's diagnostic work-up.[2] Fields does not, however, plead further factual details regarding Inks's and Line's injuries, triage, or other aspects of their care.

On February 10, 2026 Fields filed this lawsuit, alleging claims under the ACA and § 1981. Defendants move under Rule 12(b)(6) to dismiss Fields's amended complaint. Fields has not responded to the motion, which the court is now deciding on the briefs, without oral argument.

---

[2]Fields also alleges that the hospital discharged Inks and Line before it completed his diagnostic work-up. But Fields also alleges that his mother—who arrived at the hospital after his diagnostic work-up—personally observed Inks and Line in treatment rooms.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

Defendants contend that the court should construe Fields's federal-law claims as health care liability claims under Texas state law. To support this contention, defendants rely on cases that have held that a plaintiff cannot, through artful pleading, avoid certain requirements codified in Chapter 74 of the Texas Civil Practice and Remedies Code by recasting health care liability claims as other state-law causes of action. *See, e.g.*, *Loaisiga v. Cerda*, 379 S.W.3d 248, 252, 255 (Tex. 2012). But this caselaw is inapposite because Fields has pleaded federal-law claims. Thus the court declines to construe Fields's federal-law claims as health care liability claims.

IV

The court next considers defendants' contention that Fields's ACA claim is time barred.

A

Section 1658(a) provides a default statute of limitations for federal causes of action. *See* 28 U.S.C. § 1658(a). Unless federal law provides otherwise, a civil action "arising under" a federal statute enacted after December 1, 1990 is subject to a four-year statute of limitations. *Id.* In enacting § 1658, Congress sought to "alleviat[e] the uncertainty inherent in the practice of borrowing state statutes of limitations." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).

The ACA's nondiscrimination provision relies on pre-existing anti-discrimination statutes. 42 U.S.C. § 18116(a). Relevant here, § 18116(a) adopts the prohibited grounds for

discrimination and the enforcement mechanisms of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. 2000d *et seq*. *Id.* Section 18116 "does not, however, provide a specific statute of limitations." *Palacios v. MedStar Health, Inc.*, 298 F.Supp.3d 87, 91 (D.D.C. 2018) (citing 42 U.S.C. § 18116(a)).

B

Fields filed this lawsuit on February 10, 2026, and the alleged discrimination occurred on February 10, 2022. He maintains that § 1658's four-year statute of limitations applies because his ACA claim arises under an act of Congress enacted after December 1, 1990. Defendants respond that Texas' two-year statute of limitations for personal injury suits applies because § 18116(a) incorporates Title VI's borrowed statute of limitations.[3]

C

The court holds that § 1658's four-year statute of limitations applies to Fields's ACA claim. Fields's claim arises under § 18116, which was enacted in 2010 as part of the ACA. Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1557, 124 Stat. 119, 260 (2010). Moreover, § 18116(a)'s reliance on Title VI's enforcement mechanisms does not mean that it has incorporated the statute of limitations courts borrow from state law for Title VI claims. *See* 42 U.S.C. § 18116(a) ("The enforcement mechanisms provided for and available under such title VI . . . shall apply for purposes of violations of this subsection.");

[3]Courts "borrow" the relevant state statute of limitations for federal statutes—like Title VI—that do not set forth a limitations period and were enacted before December 1, 1990. *See Rosas v. Univ. of Tex. at San Antonio*, 793 Fed. Appx. 267, 270 (5th Cir. 2019) (per curiam).

*Tomei v. Parkwest Med. Ctr.*, 24 F.4th 508, 514 (6th Cir. 2022) ("[A]n enforcement mechanism is a tool for compelling compliance with the substantive requirements of a statute . . . we import only the means for enforcing the [anti-discrimination statute] that are available under that statute—nothing more." (internal quotation marks and citations omitted)). To incorporate the state law statute of limitations "would only perpetuate the 'borrowing' problem that Congress sought to eliminate by passing [§] 1658." *Doe v. Pennsylvania*, 2021 WL 1212574, at *6 (M.D. Pa. Mar. 31, 2021); *see also Jones*, 541 U.S. at 380 ("The history that led to the enactment of § 1658 strongly supports an interpretation that fills more rather than less of the void that has created so much unnecessary work for federal judges."). Because Fields's claim arises under an act of Congress enacted after December 1, 1990 and § 18116 does not provide its own statute of limitations, § 1658's default statute of limitations applies. *See* 28 U.S.C. § 1658. Accordingly, the court denies defendants' motion to dismiss this claim on the ground that it is time-barred.[4]

[4]This conclusion is consistent with the approach that the Second and Sixth Circuits have taken. *See Vega-Ruiz v. Northwell Health*, 992 F.3d 61, 66 (2d Cir. 2021) (per curiam) (applying § 1658's statute of limitations to plaintiff's ACA claim); *Tomei*, 24 F.4th at 513-15 (same). The court acknowledges, however, that some judges in this circuit have declined to apply § 1658 to claims under the ACA's nondiscrimination provision. *See, e.g.*, *Ward v. Our Lady of the Lake Hosp.*, 2020 WL 414457, at *1-2 (M.D. La. Jan. 24, 2020). If binding authority clarifies this question at a later point in this litigation, the court will follow that authority accordingly.

V

Defendants also contend that Fields has failed to plead a plausible § 1981 claim.

A

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). "Make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To establish his § 1981 claim, Fields must plausibly plead that (1) he is a member of a racial minority; (2) defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). An allegation that similarly situated non-minorities received better treatment can help establish discriminatory intent. *See id.*

B

Fields alleges that defendants provided him inferior care relative to Inks and Line because of his race. Defendants maintain that, because Fields fails to allege that Inks and Line were similarly situated to him, he has not plausibly pleaded that defendants intended to discriminate against him on the basis of his race.

C

The court concludes that Fields has failed to plausibly plead that the treatment he experienced was because of his Black race. The hospital triaged Fields as a "low-acuity,

semi-urgent patient." Am. Compl. (ECF No. 11) ¶ 17 (internal quotation marks omitted). Fields pleads no non-conclusory facts concerning the nature or severity of Inks's or Line's injuries as presented at triage, which would explain the difference in their subsequent treatment at the hospital. Without more, the allegations in the amended complaint do not plausibly plead that racial discrimination—as opposed to difference in injuries—was the but-for cause of Fields's disparate treatment. *See Twombly*, 550 U.S. at 557 (explaining that allegations must plausibly suggest, not be merely consistent with, liability); *James v. Alorica, Inc.*, 2026 WL 1679065, at *2 (5th Cir. June 10, 2026) (per curiam) (explaining that § 1981 plaintiff must "plead facts giving rise to a plausible inference that race was the but-for cause of the . . . action at issue." (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020)). Moreover, to the extent that Fields contends that the manner and timing of the triage or the diagnostic work-up was itself a product of race discrimination, he offers no factual allegations that would enable the court to draw that reasonable inference.[5] Accordingly, the court grants defendants' motion to dismiss Fields's § 1981 claim.

---

[5]Fields's allegation that "[on] information and belief," his disparate treatment "was consistent with, and was carried out pursuant to, Defendants' pattern, practice, policies, and procedures that result in Black and African-American patients receiving materially inferior [care]," Am. Compl. (ECF No. 11) ¶ 31, is conclusory and unsupported by specific factual allegations. *See Adlerstein v. Cooper Aerobics Enters., Inc.*, 2026 WL 2111729, at *2 (N.D. Tex. July 22, 2026) (Fitzwater, J.); *cf. Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (stating in another context that the ability to base pleadings "on information and belief" "must not be mistaken for license to base claims . . . on speculation and conclusory allegations.").

VI

"Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [Fields] an opportunity to amend his complaint." *Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). He must file his second amended complaint no later than 28 days after the date this memorandum opinion and order is filed.

* * *

For the reasons explained, the court grants in part and denies in part defendants' motion to dismiss, and grants Fields leave to replead.

**SO ORDERED**.

August 11, 2026.

Sidney A. Fitzwater

SIDNEY A. FITZWATER
SENIOR JUDGE